IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 30, 2005 Session

## SUZANNE KAY BURLEW v. BRAD STEVEN BURLEW

**Direct Appeal from the Chancery Court for Shelby County**
**No. D 26813-2     Arnold B. Goldin, Chancellor**

---

**No. W2005-00526-COA-R3-CV - Filed January 5, 2006**

---

The trial court modified the parties' decree of divorce, changing custody of parties' minor child from joint custody to Father, and transferred control of a custodial account from Mother to Father. The trial court also denied Mother's petition to set visitation and ordered Mother to have no contact with child. Mother appeals. We vacate the trial court's order regarding visitation and the award of attorney's fees and remand on these issues. The remainder of the trial court's judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in part;**
**Affirmed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Darrell D. Blanton, Memphis, Tennessee, for the appellant, Suzanne Kay Burlew.

William W. Dunlap and Melanie R. Dunlap, Memphis, Tennessee, for the appellee, Brad Steven Burlew.

**OPINION**

After protracted litigation, Brad Steven Burlew (Dr. Burlew) and Suzanne Kay Burlew (Ms. Burlew) were divorced in 1998. *Burlew v. Burlew*, 40 S.W.3d 465 (Tenn. 2001). They were awarded joint custody of their minor child, Geoff. The matter currently before this Court arises from Dr. Burlew's July 2004 petition to modify the decree of divorce to award him permanent custody, and Ms. Burlew's petition to set visitation.

Dr. Burlew's petition was precipitated by a fire which occurred at Ms. Burlew's residence in May 2004. On May 18, 2004, Dr. Burlew petitioned the trial court to amend the decree of divorce to grant him temporary custody and full custody and control of custodial accounts for Geoff's benefit. In his petition, Dr. Burlew alleged that a fire had been set intentionally at Ms. Burlew's residence on the morning of May 15, 2004, and that Ms. Burlew had disappeared after failing to

pick-up Geoff from a friend's home on the day of the fire. The trial court granted Dr. Burlew's petition on the same day.

On July 9, 2004, Dr. Burlew petitioned for full and permanent custody of Geoff and the custodial accounts, and petitioned the court to preclude Ms. Burlew from having contact with Geoff. In his July petition, Mr. Burlew alleged that on May 14, 2004, papers were served on Ms. Burlew in connection with the complaints of neighbors regarding her lack of upkeep of the residence. Dr. Burlew alleged the fire on May 15 had been set intentionally, and that the Memphis Fire Department Arson Squad had been "pursuing this matter." He alleged that Ms. Burlew's car was found in her driveway immediately after the fire and remained there for two days until it disappeared. He further alleged the car was packed with clothing and other items belonging to Ms. Burlew and Goeff. He also alleged that Ms. Burlew had taken $5,000 from Geoff's educational custodial account; that photographs taken of the residence after the fire depict an "arson fire" and the living conditions inside the residence prior to the fire; and that prior to the fire Geoff had been communicating to the previously appointed guardian ad litem that he wanted to live with Dr. Burlew.

On July 13, 2004, Ms. Burlew petitioned the court to set and establish visitation. In her petition, Ms. Burlew alleged that she had attempted to visit and have telephone contact with Geoff, but that Dr. Burlew had refused to allow her any access. The matter was heard in late October and early November, 2004. During the hearing, Ms. Burlew asserted Fifth Amendment rights in response to questions concerning the May fire.

On December 2, 2004, the trial court granted Dr. Burlew permanent custody of Geoff, and transferred control of all assets belonging to Geoff, including the educational account maintained by Ms. Burlew, to Dr. Burlew. It further ordered Ms. Burlew to pay back $5,000 to the educational account (less $653 for taxes paid by her), to pay child support in accordance with the child support guidelines, and to reimburse Dr. Burlew for attorney's fees and expenses in the amount of $9,507. The trial court declined to set visitation, and ordered:

> [t]he Respondent shall not have any contact with the minor child of the parties pending further [o]rders of this [c]ourt. The issue of whether to allow such contact with the minor child shall not be considered further by this [c]ourt until such time as the Respondent has obtained a full psychiatric evaluation and a written report on her condition and until such time as she has concluded her matter with the Memphis Fire Marshall's office.

The trial court denied Ms. Burlew's motion for a new trial or to alter or amend the judgment and Ms. Burlew filed a timely notice of appeal to this Court. We vacate the trial court's order on contact and visitation and attorney's fees, and remand on these issues. The remainder of the trial court's judgment is affirmed.

## Issues Presented

Ms. Burlew presents the following issues for our review:

1. Whether the trial court erred in denying Mother's petition to set and establish visitation and in ordering "no contact" between Mother and child.

2. Whether the trial court erred in going forward on Father's amended petition to change custody with a [hearing] on October 28, 2004, when Father had not answered Mother's discovery requests and there had not been time to schedule a motion to compel after receipt of discovery.

3. Whether the trial court erred in allowing James Douglas to testify as an expert witness.

4. Whether the trial court erred in ordering the child's custodial account at Fidelity for which Mother is custodian be changed to the Father as custodian without any inquiry into what Father had done with the account for which he is custodian, and where Father refused to comply with the discovery requests in this matter.

5. Whether the trial court erred in ordering Mother to pay Father's attorney fees and court reporter fees.

Dr. Burlew contends this is a frivolous appeal and requests an award of damages including attorney's fees and expenses.

## Standard of Review

We review the trial court's findings of fact *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). Because it is in the best position to assess witnesses, we afford the trial court considerable deference on matters of witness credibility. *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). Thus, we will not reverse the trial court's findings insofar as they are based on issues of witness credibility in the absence of clear and convincing evidence to the contrary. *Sullivan v. Sullivan*, 107 S.W.3d 507, 510 (Tenn. Ct. App.2002). Likewise, we review the trial court's determination of child custody under an abuse of discretion standard, affording the trial court great deference. *Herrera v. Herrera*, 944 S.W.2d 379, 385 (Tenn. Ct. App. 1996). The details of visitation arrangements also are within the discretion of the trial court. *Hogue v. Hogue*, 147 S.W.3d 245, 251 (Tenn. Ct. App.2004).

*Analysis*

We first address Ms. Burlew's assertion that the trial court erred by proceeding with the hearing on October 28 of Dr. Burlew's amended petition when Dr. Burlew had not answered all of Ms. Burlew's discovery requests. Ms. Burlew contends Dr. Burlew objected to a number of her requests on relevance grounds, and that the trial court deprived her of her discovery rights by not requiring Dr. Burlew to fully answer all discovery requests.

We note, as an initial matter, that trial judges have broad discretion over the discovery process and over the introduction of evidence at trial. *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992). We further note that, although Ms. Burlew has attached a copy of her discovery requests and Dr. Burlew's responses to her brief, they are not included in the record now before this Court. A document attached to a brief is not a part of the official record before this Court on appeal. *Hunt v. Shaw*, 946 S.W.2d 306, 309 (Tenn. Ct. App.1996). We accordingly presume the trial court did not abuse its discretion. *See In re M.L.D.*, No. W2004-02695-COA-R3-PT, 2005 WL 1356450, at *3 (Tenn. Ct. App. June 8, 2005) *perm. app. denied* (Tenn. Sept. 12, 2005).

We next address Ms. Burlew's contention that the trial court erred in allowing James Douglas (Mr. Douglas) to testify as an expert witness. Tennessee Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise.

Thus, a witness must be particularly skilled, knowledgeable, or experienced to give expert testimony. He must possess knowledge about the area or subject about which he testifies that is not generally within the knowledge or experience of the average person. *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 443 (Tenn.1992). In order to give opinion testimony as an expert, the witness must "have some special as well as practical acquaintance with the immediate line of inquiry." *Id.* (quoting *Benson v. Fowler*, 306 S.W.2d 49, 63 (Tenn. Ct. App. 1957)(citing *Powers v. McKenzie*, 16 S.W.559, 562(1891)). As the *Otis* court observed, "[w]here that line between an expert and a non-expert should be drawn must, under the varying conditions of cases and their environments, necessarily be laid down by judex feri[.]" *Id.* Therefore, the trial court is afforded wide discretion regarding the qualification of expert witnesses. *Id.* (holding trial court did not abuse discretion by allowing retired fire-fighter with 31 years experience to give opinion testimony regarding cause and origin of fire).

In this case, Mr. Douglas is a private investigator formerly employed by the Memphis Police Department for over twenty-seven years. ( R vol II at 85-86) Mr. Douglas testified that for the last twenty years of his employment with the police department, he was an investigator and major with the homicide bureau. He further testified that during that time he received continuing education from the Tennessee Bureau of Investigation, the Federal Bureau of Investigation, the fire marshal's office,

and the forensic center, and that he had investigated numerous deaths where fire was the cause of death to assist the fire department in determining whether the fire was accidental or deliberately set. Mr. Douglas testified as to the condition of residence and stated that the fire had approximately eight points of origin. He further testified that he smelled gasoline in the residence and observed "pour patterns" where some sort of chemical had been poured in the master bedroom and den. We find no abuse of discretion in the trial court's decision to permit Mr. Douglas to testify as an expert witness.

We turn next to whether the trial court erred in transferring accounts belonging to Geoff to Dr. Burlew's custody. Ms. Burlew does not appeal the trial court's decision to transfer custody of Geoff to Dr. Burlew. Inasmuch as the educational account belongs to Geoff, we cannot say the trial court abused its discretion in making Dr. Burlew custodian of Geoff's assets.

Ms. Burlew asserts the trial court erred by ordering her to pay Dr. Burlew's attorney's fees. Ms. Burlew contends that no hearing was held on the fees and that, because she did not object to the transfer of custody of Geoff to Dr. Burlew, the primary issue before the trial court was her petition to set and establish visitation. She asserts that because the trial court's decision on visitation should be remanded, the issue of attorney's fees likewise should be remanded. Dr. Burlew asserts that counsel for both parties had agreed that if the trial court awarded attorney's fees, the parties would attempt to agree on the amount. He further asserts that counsel agreed that if they could not agree on an amount, an affidavit would be submitted to the court to determine the proper amount. Dr. Burlew submits the amount was set forth by the parties' counsel in the court's December 2004 order, and that a hearing was held on the issue of expenses incurred for the expert witness and court expenses. Neither party, however, cites this Court to any authority as to whether an award of attorney's fees was appropriate where this lawsuit primarily concerned the transfer of custodial accounts and Ms. Burlew's petition for visitation.

Under § 36-5-103(c), the prevailing party may recover attorney fees incurred in enforcing a child support or custody decree or "in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child." Tenn. Code Ann. § 36-5-103(c)(2005). The change of custody of Geoff, however, was not an issue in this lawsuit. Rather, the primary matter before the trial court was Ms. Burlew's petition to set visitation. In light of our holding below regarding the trial court's order on Ms. Burlew's petition to set visitation, we vacate the award of attorney's fees and remand for further consideration by the trial court consistent with its determination of visitation on remand.

As noted, the primary matter before the trial court and before this Court is Ms. Burlew's petition to set visitation. The trial court ordered Ms. Burlew to have no contact with Geoff, and stated that it would refuse to consider the matter until Ms. Burlew had undergone psychiatric evaluation and concluded the matter with the Fire Marshal's Office. The trial court failed, however, to make any findings demonstrating that Geoff would likely be harmed physically or emotionally by any contact with Ms. Burlew.

This Court recently considered a similar order in *In re S.C.H.*, No. M2003-01382-COA-R3-CV, 2004 WL 2941151 (Tenn. Ct. App. Dec. 20, 2004) *perm. app. denied* (Tenn. May 2, 2005). In that case, Judge Cottrell thoroughly discussed and reaffirmed the public policy of this state, as expressed by Tennessee Code Annotated § 36-6-301 and reiterated by considerable case law, that the non-custodial parent be awarded visitation reasonably sufficient to maintain the parent-child relationship. *In re S.C.H.*, 2004 WL 2941151, at *4-5 (citing *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1983). The Tennessee Code provides:

> After making an award of custody, the court shall, upon request of the non-custodial parent, grant such rights of visitation as will enable the child and the non-custodial parent to maintain a parent-child relationship unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health. In granting any such rights of visitation, the court shall designate in which parent's home each minor child shall reside on given days of the year, including provisions for holidays, birthdays of family members, vacations and other special occasions. If the court finds that the non-custodial parent has physically or emotionally abused the child, the court may require that visitation be supervised or prohibited until such abuse has ceased or until there is no reasonable likelihood that such abuse will recur. The court may not order the department of children's services to provide supervision of visitation pursuant to this section except in cases where the department is the petitioner or intervening petitioner in a case in which the custody or guardianship of a child is at issue.

Tenn. Code Ann. § 36-6-301(2005).

The details of custody and visitation with children are within the broad discretion of the trial judge acting in the child's best interest. *In re S.C.H.*, 2004 WL 2941151, at * 5 (citing *Suttles*, 748 S.W.2d at 429). This Court will not substitute its judgment for that of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Although the least restrictive visitation limits are favored in order to encourage the parent- relationship, the best interest of the child are the paramount importance in the determination of visitation. Termination of visitation, which has the practical effect of terminating the parent-child relationship, must be supported by specific findings that visitation by the non-custodial parent will result in physical, emotional, or moral harm. *Id.* at 89.

Because the trial court made no findings in this case to support a conclusion that Geoff would be harmed by even supervised visitation with Ms. Burlew, we remand this cause for further consideration of Ms. Burlew's petition for visitation. Although we are not insensitive to evidence in the record that Geoff has expressed a preference to have no contact with Ms. Burlew and do not suggest that Geoff be forced to visit his mother, this does not demonstrate that Geoff's best interest are served by preventing his mother from having any contact, whether supervised, by mail or telephone or otherwise, with Geoff. Additionally, although the trial court may require Ms. Burlew to seek a psychiatric evaluation, resolution of the matter with the fire marshal's office is somewhat beyond her control. Moreover, even assuming, as Dr. Burlew suggests, that Ms. Burlew deliberately

set the fire to her residence, there is nothing in the record to demonstrate a likelihood of harm to Geoff such that supervised visitation would not be warranted.

### *Holding*

In light of the foregoing, the judgment of the trial court ordering Ms. Burlew to have no contact with Geoff is vacated. We remand this matter for further proceedings and findings regarding Ms. Burlew's petition for visitation and the award of attorney's fees. The remainder of the trial court's judgment is affirmed. In light of our disposition of this matter, Dr. Burlew's request for attorney's fees and costs on appeal is denied. Costs of this appeal are taxed one-half to the Appellee, Brad Steven Burlew, and one-half to the Appellant, Suzanne Kay Burlew and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE